■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PAUL JEFFREY BRODOSE, Appellant.— Judgment unanimously reversed on the law and facts and indictment dismissed. Memorandum: Defendant and a codefendant were indicted for burglary third degree and grand larceny first degree. The defendant, following trial, was acquitted of burglary third degree and convicted of grand larceny second degree and the codefendant acquitted on both counts. The People's proof insofar as it related to defendant's participation in the alleged burglary and grand larceny rested entirely on such inference of guilt as might be drawn from the discovery three weeks after the crime in an apartment shared by defendant and other members of his family of a pistol, holster and clip taken from the premises alleged to have been burglarized. The pistol, holster and clip, were found by the police in

the course of a search made under the authority of a search warrant sought by them in the course of the investigation of a homicide. The defendant moved to suppress the use of the pistol, holster and clip, as evidence on the trial. Following a hearing the court denied the motion holding that there was probable cause to support the issuance of the warrant authorizing the search. Without giving consideration to the absence of a signature to the jurat on the undated affidavit on which the warrant was issued, the factual averments of the affidavit were clearly insufficient to permit a finding of probable cause by the Magistrate for the issuance of the warrant. The admission by the defendant recited in the affidavit that he had in his possession a shotgun which he had fired the day of a reported homicide or the day before and which gun was already in the custody of the police together with the unsupported statement that the defendant had had a fight with the deceased seven or eight months before, falls far short of establishing probable cause for a belief that the gun used in the killing or ammunition for the same would be found in the premises occupied by the defendant. (See *People* v. *Politano*, 17 A D 2d 503, aff'd. 13 N Y 2d 852; *People* v. *Fino*, 14 N Y 2d 160; Code Crim. Pro., § 791-796.) The failure of the court to suppress the use in evidence on the trial of the pistol, holster and clip, obtained as the result of an unlawful search, was prejudicial error requiring reversal of the judgment of conviction. The absence of any other evidence tending to establish defendant's participation in the crime charged requires dismissal of the indictment. (Appeal from judgmnt of Monroe County Court convicting defendant of grand larceny, second degree.) Present — Williams, P. J., Goldman, Henry, Del Vecchio, and Marsh, JJ.